[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14112
Non-Argument Calendar

_____

D. C. Docket No. 05-00014-CV-CDL-4

TOMMY SCOTT,

Petitioner-Appellant,

versus

STEVEN UPTON,
Warden,
KEVIN ROBERTS,
Warden,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 15, 2008)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Georgia prisoner Tommy Scott appeals *pro se* the district court's denial of his 28 U.S.C. § 2254 petition asserting ineffective assistance of counsel based on error under *Bruton v. United States*, 88 S. Ct. 1620, 1621-22 (1968). We previously vacated the district court's order and remanded for it to consider, in the first instance, whether Scott was prejudiced by trial counsel's failure to object to inadmissable hearsay testimony implicating Scott in the murder for which he was convicted. On remand, the district court concluded Scott failed to meet his burden in demonstrating he was prejudiced by his counsel's deficient performance. On appeal, Scott asserts that counsel's failure to object to, or request a limiting instruction for, the inadmissable testimony was highly prejudicial under the second prong of *Strickland v. Washington*, 104 S. Ct. 2052 (1984).

We review a district court's denial of a § 2254 petition *de novo*. *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005). Factual findings are reviewed for clear error, while mixed questions of law and fact, including claims of ineffective assistance of counsel, are reviewed *de novo*. *Id.*

In our review of this appeal, we realized that substantial portions of the state trial court record were missing. The State has now supplemented the record to include the transcript of the entire trial in state court. The district court, however, has not had the opportunity to review the full record. Thus, we remand this case to

give the district court the opportunity to review the full record in the first instance.

In its review of the full record and application of the prejudice prong of *Strickland*,

the district court should determine "whether there is a reasonable probability that,

absent the errors, the factfinder would have had a reasonable doubt respecting

guilt."[1]  *See Strickland*, 104 S. Ct. at 2068-69.

**VACATED AND REMANDED.**

---

[1]  In its opinion, the district court only excised the evidence presented by the inadmissable statements and found the remaining evidence was sufficient to sustain Scott's conviction and did not conduct the step of determining what effect the inadmissable statements had on the jury's verdict.